In the Matter of the Application of PANKO MOROZ, Petitioner, for a Peremptory Mandamus Order against CHARLES E. RANSOM, Clerk of the County of Nassau, Respondent.

Supreme Court, Special Term, Nassau County, January 15, 1936.

*Blum & Jolles*, for the petitioner.

*James L. Dowsey, County Attorney* [*John J. Knob, Deputy County Attorney*, of counsel], for the respondent.

HOOLEY, J. Application for an order directing Charles E. Ransom, clerk of the county of Nassau, to record a deed executed in the Republic of Poland by the grantors of real property located at Hicksville in Nassau county. The deed is written in the English language, except as hereinafter stated, with the exception of the acknowledgments of the signatures of the grantors, which are in the Polish language. Annexed to the instrument is a translation in English of the certificates of acknowledgment annexed to the

deed, certified to as to correctness in translation by Helen Zand, secretary to the Consul General of Poland in New York city. On the back of the first page of the deed, and forming part thereof, there is considerable typewritten matter in the Polish language which has not been translated, but which apparently is in fact a description of the property and the names of the parties to the instrument. The county clerk has refused to accept the deed for recordation, because of the use of the Polish language as hereinbefore set forth.

While the Real Property Law does not explicitly and expressly set forth any requirement that a deed must be in the English language in order to be recorded, nevertheless, the court takes notice that the People of this State adopted not only the common law of England, but the language as well, which is in practice the official language of the State of New York. The purpose of recording is to give notice, and, if deeds may be recorded which are partly in the Polish language, then they may be recorded if they are wholly or partly in any other language. To permit such a custom would produce chaos. A title examiner would have to be accompanied by a retinue of interpreters to be safe in the examination of a title.

If the papers in an ordinary law suit are required to be in English and they are (See Rules Civ. Prac. rule 10), how much more necessary that instruments so important that they are required to be recorded should be in the same language. I, therefore, come to the conclusion that the deed is not entitled to be recorded because a portion of the body of it and the acknowledgments which are an essential part of it, so far as recording is concerned, are not in the English language.

Application denied.